[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-10738

Non-Argument Calendar

————————————————

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

*versus*

ALEXANDER KON,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-24320-RKA

————————————————

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and LUCK, Circuit Judges.

PER CURIAM:

Alexander Kon appeals *pro se* the judgment ordering him to disgorge unjust gains and pay prejudgment interest and a civil penalty after the Securities and Exchange Commission complained that Kon violated the Securities Exchange Act of 1934, 15 U.S.C. § 78o(b)(6)(B)(i), by continuing to tout penny stocks despite an earlier Commission order suspending him from doing so for a year. Kon consented to the entry of judgment against him, without admitting the allegations, and agreed that the district court would determine the appropriate amount of disgorgement, interest, and a civil penalty. *Id.* § 78u(d)(3). The district court awarded the Commission a total $760,059.18. Kon argues that the district court erred by failing to reduce the amount of disgorgement based on additional business expenses that he identified after discovery and sought to establish with a spreadsheet and a declaration by his business associate. He also argues that the final judgment should be vacated based on his inability to pay. We affirm.

We review the amount of disgorgement for abuse of discretion. *Sec. & Exch. Comm'n v. Levin*, 849 F.3d 995, 1001 (11th Cir. 2017). We review findings of fact, including the weighing of evidence and credibility findings, for clear error. *Fischer v. S/Y NERAIDA*, 508 F.3d 586, 592 (11th Cir. 2007).

When seeking disgorgement, the Commission must produce "only a reasonable approximation of the defendant's ill-gotten gains." *Levin*, 849 F.3d at 1006. The burden then shifts to the defendant to prove that the estimate is unreasonable. *Id.* Where "a defendant's record-keeping or lack thereof has so obscured matters that calculating the exact amount of illicit gains cannot be accomplished without incurring inordinate expense, it is well within the district court's discretion to rule that the amount of disgorgement will be the more readily measurable proceeds . . . ." *S.E.C. v. Calvo*, 378 F.3d 1211, 1217–18 (11th Cir. 2004).

The district court did not abuse its discretion in determining that Kon must disgorge $585,960 in ill-gotten gains from his violation of the earlier settlement order suspending him from touting penny stocks. The Commission provided a reasonable approximation of Kon's net profits during the suspension period. The Commission established that Kon's company, World Wide Media Group LLC, received $1,496,960 in gross revenue. From that amount, the Commission subtracted $911,000, accounting for $875,000 paid to third-party firms that assisted the company with stock promotion and $36,000 to Jayson Aguilar, a web developer residing in the Philippines to whom Kon relinquished management of his company during the suspension period. The Commission determined that Kon's net profit was $585,960. The Commission attached bank records and charts of the relevant transactions to support its calculations and Kon's deposition, in which the Commission asked him to identify each third-party vendor so that it could calculate World Wide's business expenses.

Kon failed to satisfy his burden of proving that this estimate was unreasonable. *See Levin*, 849 F.3d at 1006. Long after discovery, Kon argued that the Commission failed to deduct an additional $424,074 of legitimate business expenses that World Wide paid to third-party vendors. In support, Kon attached only his own declaration, a spreadsheet, and a declaration from Aguilar, attesting that $424,074 in debits were legitimate business expenses to vendors for promotional campaigns that Aguilar managed while he controlled World Wide and that Kon did not work on those campaigns.

The district court was entitled to find that Aguilar's affidavit lacked credibility and that the attached spreadsheet of purported business expenses was unreliable. The district court explained that the Commission's estimate already deducted all vendor payments that Kon identified during his deposition and that Kon had obstructed the discovery process. It explained that Kon's unresponsiveness to discovery requests for *all* documents related to World Wide's business expenses required an order compelling him to respond. And only after Kon confirmed that he had turned over all bank statements and had no other evidence to support any further business-expense reduction did he respond to the Commission's motion for final judgment with a previously-unproduced declaration and spreadsheet seeking to reduce the disgorgement amount by over 70 percent. In the light of Kon's inability to produce reliable evidence establishing that the Commission's estimate was unreasonable, the district court acted within its discretion. *See Calvo*, 378 F.3d at 1217–18. In addition, the decision to grant prejudgment interest on the disgorgement amount, as well as the rate at which

interest was awarded, fell squarely within the discretion of the district court. *S.E.C. v. Carrillo*, 325 F.3d 1268, 1269, 1273 (11th Cir. 2003).

Kon asserts that it "bears noting" that his alleged actions did not result in financial loss or harm to any individual. Even liberally construed, this conclusory assertion is undeveloped and lacks citation to legal authority. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681, 683 (11th Cir. 2014). In any event, Kon, who was represented by counsel in the district court, conceded in his objections to the report and recommendation that the district court could order him to pay disgorgement, though in a lesser amount than what the Commission requested, and he agreed in his signed consent to judgment that the district court would order disgorgement of ill-gotten gains and prejudgment interest and impose a civil penalty. 15 U.S.C. § 78u(d)(3) (permitting the Commission to seek disgorgement under section 78u(d)(7)). Kon also raises no challenge to the imposition of a second-tier civil penalty. *See Sapuppo*, 739 F.3d at 681.

Kon argues that the final judgment is unjust because of his inability to pay. But he does not argue that the district court failed to consider his ability to pay. The district court reviewed several factors, including the egregiousness of the violation, scienter, repeated nature of violations, cooperation and admission of wrongdoing, investor losses, and current and future financial condition. *See S.E.C. v. Monterosso*, 756 F.3d 1326, 1338 (11th Cir. 2014). It found that Kon's financial condition was one of several factors that

warranted *"some* reduction in his civil penalty" as it rejected the Commission's requested penalty of $250,000 and imposed a lesser penalty of $103,591. Moreover, nothing prohibited the district court from imposing a penalty or disgorgement liability greater than Kon's ability to pay because financial condition is, at most, "one factor to be considered in imposing a penalty." *S.E.C. v. Warren*, 534 F.3d 1368, 1370 (11th Cir. 2008). The district court did not abuse its discretion.

We **AFFIRM** the judgment in favor of the Commission.